08-1479-ag
Chen v. Holder

BIA
Hladylowycz, IJ
A72-484-380

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand ten.

PRESENT:

ROSEMARY S. POOLER,
ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
          Circuit Judges.

_____

ZHI YONG CHEN, ALSO KNOWN AS CHEN HAN LIN,
          Petitioner,

          v.                                    08-1479-ag
                                                NAC
ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,[1]
          Respondent.

_____

FOR PETITIONER:          Waisim M. Cheung, New York, New York.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:**          Gregory G. Katsas, Assistant
                            Attorney General, Civil Division,
                            Carl H. McIntyre, Jr., Assistant
                            Director, Francis W. Fraser, Senior
                            Litigation Counsel, Office of
                            Immigration Litigation, United
                            States Department of Justice, Civil
                            Division, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Zhi Yong Chen, a native and citizen of the People's Republic of China, seeks review of a March 4, 2008 order of the BIA dismissing his appeal of the March 18, 2004 decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Zhi Yong Chen, No. A 72 484 380 (B.I.A. Mar. 4, 2008), aff'g No. A 72 484 380 (Immig. Ct. N.Y. City Mar. 18, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281, 289 (2d Cir. 2007).  We review de novo questions of law and the application of law to undisputed fact.  See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

To the extent that Chen continues to assert that he may be eligible for relief based on his wife's forced abortion, this Court has squarely rejected the notion that aliens are per se eligible for relief based on the forced sterilization of their spouse.  Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296, 309 (2d Cir. 2007).  Before this Court, Chen argues primarily that he established eligibility for relief based on his resistance to China's family planning policy when he had a confrontation with the officials who came to take his wife to be forcibly aborted.  This argument is unexhausted.  The IJ explicitly found that Chen failed to establish eligibility for relief based on any resistance to China's family planning policy where he did not assert that anything happened to him as a result of his alleged altercation with family planning officials.  Because Chen

3

failed to challenge that finding before the BIA, we decline to consider it in the first instance. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119-20 (2d Cir. 2007) (holding that petitioners must raise to the BIA the specific issues they later raise in this Court).[2]

Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, Shi Liang Lin, 494 F.3d at 309, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief where they are based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[2] To the extent Chen asserts that his case should be remanded to allow the agency to consider his other resistance claim in light of this Court's ruling in Shi Liang Lin, we decline to do so. A claim based on resistance to a coercive family planning policy existed as a basis for relief when Chen filed his application for relief, 8 U.S.C. § 1101(a)(42), and nothing in our decision in Shi Liang Lin impacts such claims. As noted, the IJ rejected Chen's claim based on his alleged resistance. He cannot now avoid the consequences of his failure to exhaust that claim before the BIA.